# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00034-CR

**In re James A. Reed**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
### NO. 7439, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In November 2003, James A. Reed was convicted of aggravated sexual assault of a child and sentenced to nineteen years in prison.[1] He now appeals the district court's finding, made after an examination of the results of forensic DNA testing, that there is no reasonable probability that Reed would not have been convicted if the test results had been available during the trial. *See* Tex. Code Crim. Proc. Ann. art. 64.04 (West Supp. 2005).

Less than one year following his conviction, Reed requested that counsel be appointed to represent him in a chapter 64 proceeding. *See id*. art. 64.01(c). The request was granted, and in January 2005, counsel moved for forensic DNA testing of four swabs containing dried body fluids that were collected during the complainant's sexual assault examination.

---

[1] Reed's appointed counsel concluded that there was no meritorious ground on which to appeal the conviction, and this Court agreed. *Reed v. State*, No. 03-03-00682-CR (Tex. App.—Austin July 1, 2004, no pet.) (not designated for publication).

The State opposed the motion on the grounds that: (1) there was no evidence of sexual penetration of the complainant by any means other than Reed's finger; (2) Reed was a family friend and had been living with the complainant and her family, and identity was not an issue; and (3) there was no reasonable probability that DNA would be found from any other person. Following a brief hearing, the court granted the testing motion "out of an abundance of caution." The court did not formally make the findings called for by article 64.03, but did observe that it would be to Reed's benefit if another man's DNA were found on the exhibits. *See id*. art. 64.03(a). The propriety of this order is not before us.

The swabs were tested at the Texas Department of Public Safety laboratory in Waco. Nucleated cells were recovered which had the DNA profile of an unknown female. The presence of semen could not be confirmed. There is no indication that male DNA, from Reed or anyone else, was found on the swabs.

A second hearing was conducted in October 2005, after the test report was filed. Reed's counsel asked the court to order that a DNA sample be taken from the complainant for comparison with the DNA found on the evidence swabs. Counsel reasoned that if the DNA on the swabs was not the complainant's, "I think that we can then proceed to argue that that is exculpatory." Counsel for the State considered this reasoning "farfetched" and again insisted that identity was not in issue: "This guy lived in the home. You know, at times the sexual offense occurred over several days and possibly weeks. And so we knew that there was no [genital] penetration. We knew that the evidence that we had at the sheriff's office was not going to be definitive of any issue in this case . . . ." Reed's counsel replied, "I'm just saying that I think we need to be definitive on this, and I think there is an open question here that needs to be answered before this case can be disposed of."

2

After further discussion, the court announced, "Well, you know, I wouldn't mind having her tested; but if I had her tested, if it's hers, the case is over. If it's not hers, the case is still over. I mean, basically. If it's not hers, it's an unknown female so what does that help us? . . . There wasn't any unknown female even alleged as a potential defendant, was there? So just offer that [lab report] and admit that in evidence, and I'll deny your motion for further testing."

The court later signed a written order stating: "After reviewing the results of testing under Article 64.03 . . . and considering the arguments of counsel, the Court is of the opinion that further DNA testing in this case is not warranted. The Court also finds that it is not reasonably probable the defendant . . . would not have been convicted had these results or further DNA results been available during the trial of the offense in this cause." *See id*. art. 64.04.

Chapter 64 authorizes motions for forensic DNA testing "only of evidence . . . that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense." *Id*. art. 64.01(b). This clearly encompasses the swabs that were the subject of Reed's original motion, but it is not clear whether the statute permits the gathering of new evidence for DNA testing. *See State v. Patrick*, 86 S.W.3d 592, 594-96 (Tex. Crim. App. 2002) (holding trial court was not authorized to order DNA testing outside chapter 64). Assuming without deciding that chapter 64 authorizes a trial court to order the gathering and testing of new DNA samples for comparison with samples collected during the original investigation of the case, we conclude that no error is shown.

From the statements of the parties below, we glean that Reed lived with the ten-year-old complainant and her family, and that the alleged digital penetration occurred over a number of days or weeks. Under these circumstances, there is little or no reason to believe that the complainant

3

simply mistook Reed for her attacker, and the jury was required to decide whether the complainant's accusation or Reed's denial was truthful. There is no evidence that the person who digitally penetrated the complainant would necessarily have left DNA evidence that was recoverable on the swabs, and Reed does not assert that the absence of his DNA on the swabs is exculpatory. There is also no evidence that any foreign DNA found on the swabs was necessarily the product of an unlawful act. Thus, although a showing that the "unknown female" was not the complainant might allow Reed to argue that someone else penetrated the complainant, it would be irrelevant to the question of Reed's own guilt or innocence. The trial court did not err by refusing to order further sampling and testing in the absence of any reason to believe that it would produce relevant evidence. The court properly concluded that there is no reasonable probability that Reed would not have been convicted had the results of the DNA tests been available during the trial.

The district court's order is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed:   October 5, 2006

Do Not Publish

4